UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BETHANY ANN HENDERSON SEARS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL Acting Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | No. 4:17-cv-00042-RLY-TAB |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF COMPLAINT**

I. **Introduction**

Introductory and background information aside, Plaintiff Bethany Ann Henderson Sears's opening brief only has two pages of argument and is supplemented by a mere one-paragraph reply. However, these brief arguments are enough to carry the day.

Sears raises two arguments in this appeal. First, she argues the Administrative Law Judge failed to supply the vocational expert with an adequate hypothetical in light of *Varga v. Colvin*, 794 F.3d 809 (7th Cir. 2015), and *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). Second, Sears argues the ALJ erred by failing to consider evidence regarding the availability of sedentary jobs. Sears's request for remand [Filing No. 17] should be granted because the ALJ's hypothetical failed to apprise the VE of Sears's limitations in regard to concentration, persistence, and pace, as required by *Varga* and *Yurt*.

II. **Background**

The Social Security Administration denied Sears's application for Supplemental Security Income. By the time of her hearing before the ALJ, Sears reached the age of majority, triggering

new standards. The ALJ analyzed Sears's claims both as a minor and as an adult and found Sears was not disabled under either standard.

The ALJ found Sears had several severe impairments: "spondyloepimetaphyseal dysplasia; hip dysplasia; short stature, status post multiple fractures; degenerative disc disease of the cervical spine; left rotator cuff syndrome; a major depressive disorder; an adjustment disorder; a generalized anxiety disorder; a post-traumatic stress disorder; and an attention deficit-hyperactivity disorder." [Filing No. 13-2, at ECF p. 33, R. at 32.] However, the ALJ found that these impairments did not prevent Sears from working a limited range of sedentary jobs, such as assembler, inspector, or hand packer.

### III. Discussion

Sears argues the hypothetical the ALJ posed to the vocational expert failed to account for her limitations such that the ALJ's decision is not supported by substantial evidence and must be remanded. The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017).

A faulty hypothetical, and subsequently flawed residual functional capacity determination, can render an ALJ's decision unsupported by substantial evidence. *Varga v. Colvin*, 794 F.3d 809, 813–14 (7th Cir. 2015). "The hypothetical posed to the VE . . . must incorporate all of the claimant's limitations supported by the medical record," including where relevant "deficiencies of concentration, persistence, or pace." *Id.* at 813. Though the ALJ is not required to expressly use the terms "concentration," "persistence," or "pace," the ALJ cannot "assume that the VE is apprised of such limitations unless [the VE] has independently reviewed the medical record." *Id.* at 814. A hypothetical that limits the claimant to simple, routine, and

2

repetitive tasks and low-stress environments is insufficient to account for such limitations. *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014).

Here, the ALJ found that Sears had "moderate difficulties in . . . maintain[ing] concentration, persistence, and pace." [Filing No. 13-2, at ECF p. 51, R. at 50.] Similar to both *Varga* and *Yurt*, the VE had not reviewed the medical record, only Sears's work history. [Filing No. 13-2, at ECF p. 86, R. at 85.] The following is the relevant portion of the ALJ's hypothetical:

> As well as due to her symptoms of, you know, pain and other symptoms that would decrease her ability to maintain attention or concentration. Limited to work that would be – include simple routine and repetitive tasks performed in a low stress work environment defined as free of fast-paced production requirements; involving only simple work-related decisions; few if any workplace changes; no interaction with the general public; and only occasional interactions with coworkers and supervisors.

[Filing No. 13-2, at ECF p. 87–88 R. at 86–87.]

The ALJ's hypothetical is fatally inadequate. Though it references Sears's "decrease[d] . . . ability to maintain attention or concentration," nothing in the hypothetical address her limitations in regard to persistence and pace. Without a more explicit hypothetical, the Court can only speculate as to whether the VE knew of Sears's difficulties in maintaining persistence and pace. Further, there is no indication whether the VE took these limitations into account in his analysis, and the ALJ's RFC does not include these limitations. [Filing No. 13-2, at ECF p. 45–6, R. at 44–45.] Thus, *Vargas* and *Yurt* require the ALJ's decision to be remanded because it is not supported by substantial evidence.

Sears next argues the ALJ erred by failing to consider an article she provided the ALJ after the hearing. Sears asserts that the "peer review[ed] article . . . concluded that few sedentary or light unskilled jobs exist that allow the option of sitting or standing except in jobs with

3

communication skills and public contact." [Filing No. 17, at ECF p. 4.] This contradicts the VE's conclusion that there were many available jobs Sears could perform with the RFC the ALJ found. The Commissioner responds that ALJs are not required to discuss every piece of evidence, and that Sears cites no authority requiring the ALJ to review the article, which was not specific to Sears. Given that the Magistrate Judge is recommending remand, the Magistrate Judge further notes that remand will give the ALJ another opportunity to review this article. While the ALJ is to use his judgment in reviewing the evidence, some mention of this article would seem to be appropriate.

## IV. Conclusion

Therefore, the Magistrate Judge recommends Sears's request for remand [Filing No. 17] be granted under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review.

Date: 11/15/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Electronic distribution to all counsel of record.

4